UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN JORDAN,

*Plaintiff*,

v.            CASE NO. 10-CV-14786

COMMISSIONER OF        DISTRICT JUDGE THOMAS L. LUDINGTON
SOCIAL SECURITY,         MAGISTRATE JUDGE CHARLES E. BINDER

*Defendant*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**[1]

**I.     RECOMMENDATION**

In light of the entire record in this case, I suggest that substantial evidence fails to support the Commissioner's determination that Plaintiff is not disabled. Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **GRANTED**, that Defendant's Motion for Summary Judgment be **DENIED**, and that the case be **REMANDED** to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g).

**II.     REPORT**

      **A.     Introduction and Procedural History**

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this magistrate judge for the purpose of reviewing the

---

[1] The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), the recently amended provisions of Fed. R. Civ. P. 5.2(c)(2)(B), E.D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation only addresses the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

Commissioner's decision denying Plaintiff's claim for a period of disability and disability insurance benefits ("DIB"). The matter is currently before this Court on cross-motions for summary judgment. (Docs. 10, 11.)

Plaintiff was 53 years of age at the time of the most recent administrative hearing. (Transcript, Doc. 8 at 27.) Plaintiff's employment history includes work as a stock person at a grocery store for nine years and as a sales representative for a lawn service for two years. (Tr. at 116.) Plaintiff filed the instant claim on June 10, 2009, alleging that he became unable to work on April 20, 2009. (Tr. at 77.) The claims were denied at the initial administrative stages. (Tr. at 40.) In denying Plaintiff's claim, the Commissioner considered asthma and diabetes mellitus as possible bases for disability. (*Id.*) On April 16, 2009, Plaintiff appeared before Administrative Law Judge ("ALJ") Andrew G. Sloss, who considered the application for benefits *de novo*. (Tr. at 7-16.) In a decision dated July 9, 2009, the ALJ found that Plaintiff was not disabled. (Tr. at 16.) Plaintiff requested a review of this decision on July 15, 2010. (Tr. at 6.)

The ALJ's decision became the final decision of the Commissioner, *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004), on October 28, 2010, when the Appeals Council denied Plaintiff's request for review. (Tr. at 1-3.) On December 2, 2010, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision.

**B.     Standard of Review**

In enacting the social security system, Congress created a two-tiered structure in which the administrative agency handles claims and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 890, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination which can be appealed first to

the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during the administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986) (en banc).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). *See also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). *See also Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

"It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). *See also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (citing *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence")); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability."). "However, the ALJ is not free to make credibility determinations

based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers,* 486 F.3d at 247 (quoting S.S.R. 96-7p, 1996 WL 374186, at *4).

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, a court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). *See also Mullen*, 800 F.2d at 545. The scope of a court's review is limited to an examination of the record only. *Bass,* 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241. *See also Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted) (citing *Mullen*, 800 F.2d at 545).

When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. App'x 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence

4

without directly addressing in his written decision every piece of evidence submitted by a party");

*Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. App'x 521, 526 (6th Cir. 2006).

### C.     Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). *Accord Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. App'x 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program ("DIB") of Title II, 42 U.S.C. §§ 401 *et seq.*, and the Supplemental Security Income Program ("SSI") of Title XVI, 42 U.S.C. §§ 1381 *et seq.* Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.

> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920. *See also Heston,* 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin,* 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by [her] impairments and the fact that [she] is precluded from performing [her] past relevant work." *Jones*, 336 F.3d at 474 (cited with approval in *Cruse,* 502 F.3d at 540). If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC [residual functional capacity] and considering relevant vocational factors." *Rogers,* 486 F.3d at 241 (citing 20 C.F.R. §§ 416.920(a)(4)(v), (g)).

### D.   ALJ Findings

The ALJ applied the Commissioner's five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff last met the insured status requirements through December 31, 2013, and had not engaged in substantial gainful activity since April 20, 2009, the alleged onset date. (Tr. at 12.) At step two, the ALJ found that Plaintiff's asthma was "severe" within the

meaning of the second sequential step. (Tr. at 12-13.) At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Tr. at 13.) At step four, the ALJ found that Plaintiff is unable to perform any past relevant work as a sales representative or stocker. (Tr. at 15.) At step five, the ALJ found that Plaintiff retained the residual functional capacity to perform a limited range of medium work. (Tr. at 13-15.) Therefore, the ALJ found that Plaintiff was not disabled. (Tr. at 16.)

### E.   Analysis and Conclusions

#### 1.   Legal Standards

The ALJ determined that during the time Plaintiff qualified for benefits, he possessed the residual functional capacity to perform a limited range of medium work. (Tr. at 13-15.) Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, he or she can also do sedentary or light work. 20 C.F.R. § 404.1567(c)(2010).

After review of the record, I suggest that the ALJ utilized the proper legal standard in his application of the Commissioner's five-step disability analysis to Plaintiff's claim. I turn next to the consideration of whether substantial evidence supports the ALJ's decision.

#### 2.   Substantial Evidence

Plaintiff contends that substantial evidence fails to support the findings of the Commissioner. (Doc. 10.) As noted earlier, if the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if this Court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan,* 474 F.3d at 833; *Mullen,* 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

7

Plaintiff specifically contends that the ALJ should not have continued with the hearing when Plaintiff was unrepresented, that the ALJ failed to "fully develop the record as far as Claimant's mental condition," and that the ALJ failed to properly consider Plaintiff's mental condition even though "[i]t is clear from these medical records that Claimant is schizophrenic and suffers from psychotic episodes." (Doc. 10 at 4-6.) Plaintiff seeks remand.

The "burden of providing a complete record, defined as evidence complete and detailed enough to enable the Secretary to make a disability determination, rests with the claimant." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986) (citing 20 C.F.R. §§ 416.912, 416.913(d)). However, "under special circumstances – when a claimant is (1) without counsel, (2) incapable of presenting an effective case, and (3) unfamiliar with hearing procedures – an ALJ has a special, heightened duty to develop the record." *Wilson v. Comm'r of Soc. Sec.*, 280 Fed. App'x 456, 459 (6th Cir. 2008) (citing *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983)).

In the instant case, Plaintiff was not represented by counsel at the administrative hearing and the ALJ did not consider any mental health issues in his analysis of Plaintiff's impairments. Although at the administrative hearing the ALJ discussed the possibility of obtaining free legal counsel, Plaintiff's responses were so obscure that the ALJ stated, "I don't really understand what you're saying." (Tr. at 24.) When asked about psychological issues, Plaintiff indicated that he "had certain thoughts or whatever but . . . knew what to do to not let it get control." (Tr. at 30.) He went on to explain that "the last year it's just been like, you know, like flashbacks but I'm dealing with it [and I am] seeing a therapist." (Tr. at 30-31.) Despite this answer, the ALJ did not inquire any further into Plaintiff's mental health. When asked if Plaintiff wanted to tell the ALJ anything else that had not yet been discussed in the hearing, Plaintiff responded:

8

> Basically, man, that's just – I'm not – the last jobs I had because of my asthma. Now the mental thing wasn't even an issue. I tried to not to never let them know I had – I was diagnosed schizophrenic years ago. Dr. Linhar said the only case that he really saw that I, the improvement I made. But he wanted me to stay on the medicine. I stepped out in faith, thought I didn't need it. For years I did good and now I'm having like symptoms of that. Like the devil trying to make me think I'm going to lose my mind again. Because they had me in the (INAUDIBLE). I been in the psychiatric stuff and all that but I came out of it. God is – he brought me out of it.

(Tr. at 32-33.) The person accompanying Plaintiff at the hearing testified that Plaintiff was also diagnosed "with bipolar and depression which seemed to me I see a lot of . . . [a]nd if he doesn't, you know, continue to take his medication which is what I help him do . . . [t]hat's when we have major, major problems." (Tr. at 33.)

I suggest that the record reveals that Plaintiff was incapable of presenting an effective case and that the ALJ failed to follow through and seek additional information regarding Plaintiff's obvious mental health issues. I therefore suggest that the instant case presents special circumstances which require the ALJ to more fully develop the record. *See Lambdin v. Comm'r of Soc. Sec.*, 62 Fed. App'x 623 (6th Cir. 2003) (remanding where the plaintiff attended school through the sixth grade, could not read except for some little words, was not represented by counsel, and where it was "unclear whether he was able to present an effective case.").

Since the recommended resolution would "direct [the ALJ] to cure some specific defect in the administrative proceeding, such as the ALJ's failure to develop the record or properly evaluate the evidence . . . the district court should [] remand[] the case pursuant to sentence four, rather than sentence six, of 42 U.S.C. § 405(g)." *Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000).

### 3.     Conclusion

9

For all these reasons, after review of the record, I conclude that the case should be remanded to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g).

## III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

s/ Charles E Binder
CHARLES E. BINDER
United States Magistrate Judge

Dated: August 23, 2011

10

**CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System.

Date:  August 23, 2011                    By    s/Patricia T. Morris
                                                     Law Clerk to Magistrate Judge Binder